UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK A. WADE (#366120)

VERSUS                                            CIVIL ACTION

JAMES M. LEBLANCE, ET AL                          NUMBER 13-432-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 8, 2013.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK A. WADE (#366120)

VERSUS                                                   CIVIL ACTION

JAMES M. LEBLANCE, ET AL                                 NUMBER 13-432-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc,[1] Warden N. Burl Cain, Orville Lamartiniere, Kevin Benjamin, MSgt. John Michelli and Lt. E. W. Magee. Plaintiff alleged that his legal mail was accidentally distributed to another inmate, which led to the denial of the plaintiff's application for post-conviction relief, in violation of his constitutional rights.

**I. Applicable Law and Analysis**

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

---

[1] This defendant is identified as James M. Leblance in the complaint.

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Negligence**

Plaintiff alleged that sometime prior to June 6, 2012, he requested that the Louisiana Fifth Circuit Court of Appeal allow him to retain his state court record in order to prepare a post-conviction relief application ("PCRA"). Plaintiff alleged that on June 6, 2012, MSgt. Michelli mistakenly distributed his legal mail, presumably a response from the Louisiana Fifth Circuit, to another inmate. Plaintiff alleged that MSgt. Michelli acted negligently when he allowed another inmate to sign for the legal mail without properly reviewing the inmate's photographic identification before distributing the mail. Plaintiff alleged that as a result of MSgt. Michelli's negligence, he was unable to obtain the documents he needed to prepare his PCRA.

The due process clause of the Fourteenth Amendment is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). Plaintiff's allegation that Msgt. Michelli negligently allowed another inmate to obtain the plaintiff's legal mail fails to state a claim upon which relief can be granted.

### C. Respondeat Superior

Plaintiff named Secretary LeBlanc, Warden Cain, Orville Lamartiniere, Kevin Benjamin and Lt. Magee as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc, Warden Cain, Orville Lamartiniere, Kevin Benjamin and Lt. Magee are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## II. Conclusion

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against these defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, October 8, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE